**UNITED STATES of America Plaintiff—Appellee,**

v.

**Noah ORTEGA Defendant—Appellant.**

No. 03–10514.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 2003.

Jeffrey Robert Haag, US Attorney's Office, Lubbock, TX, for Plaintiff–Appellee.

Jerry V. Beard, Assistant Federal Public Defender, Federal Public Defender's Office, Lubbock, TX, for Defendant–Appellant.

Before KING, Chief Judge, and EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM.*

Noah Ortega appeals the district court's denial of his motion to suppress prior to his conditionally pleading guilty to transporting illegal aliens. Ortega contends that Border Patrol Agent Randy Betscher did not have reasonable suspicion of criminal activity sufficient to warrant the investigatory stop of Ortega's vehicle.

A Border Patrol agent conducting a roving patrol may make a temporary investigatory stop of a vehicle if the agent is aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle's occupant is engaged in criminal activity. *United States v. Brignoni–Ponce,* 422 U.S. 873, 884, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). In determining whether a reasonable suspicion exists, the courts must look to the totality of the circumstances surrounding the stop. *United States v. Arvizu,* 534 U.S. 266, 273–76, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Consideration of the relevant factors, viewed in light of the totality of the circumstances and in the light most favorable to the Government, indicates that the district court did not err in concluding that

there was reasonable suspicion for the stop. *See United States v. Neufeld–Neufeld,* 338 F.3d 374, 378–82 (5th Cir.2003).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.